

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

July 2, 1974

The Honorable Leroy Jeffers
President, State Bar of Texas
P. O. Box 12487
Austin, Texas 78711

Opinion No. H- 340

Re: Proposal for financing
and constructing State
Bar Center

Dear Mr. Jeffers:

You have requested our opinion on the legality of a plan for financing and constructing a new State Bar Center. Since your original request was submitted you have altered your financing plans and have submitted a revised question reflecting those changes. Your question is:

> Can the State Bar of Texas under the applicable law enter into a contract for the construction of a new building on the site of its present building and enter into a contract or contracts for the financing or partial financing of the costs of such construction so long as such contract or contracts does not obligate or encumber the dues revenue of the State Bar of Texas beyond revenue for the current year at the time of entering such contract or contracts and so long as the sums that become due and payable under such contract or contracts are payable only from (1) monies contributed or pledged to be contributed to a fund for the express purpose of aiding in the payment of the costs of construction of such new State Law Center; (2) revenues derived or which may become due and payable for the rental of space to others in the new building constructed by the State Bar of Texas; and (3) such funds as may be contributed or pledged to be contributed to the costs of such construction by the Texas Bar Foundation, a private corporation, which is not an agency of the State of Texas?

p. 1586

The State Bar of Texas was created by the State Bar Act, Article 320a-1, V.T.C.S. Subdivision (a) of Sec. 2 of that Act provides:

> There is hereby created the State Bar, which
> is hereby constituted an administrative agency
> of the Judicial Department of the state, with
> power to contract with relation to its own affairs
> and which may sue and be sued and have such
> other powers as are reasonably necessary to
> carry out the purposes of this Act.

Pursuant to the clear language of the statute this office has consistently held that the State Bar of Texas is a state agency. Attorney General Opinions WW-202 (1957); MS-83 (1953); V-1299 (1951); V-480 (1948); O-2784 (1940). The same subdivision creating the Bar as an instrumentality of the State gives it broad power to conduct its own affairs. Surely it is necessary for the Bar to acquire adequate office space if it is to carry out its responsibilities under the Act, and construction of a new building is a reasonable means of obtaining that space. .

The plan for construction of the proposed State Bar Center is similar to the method used for financing and constructing the existing building. Given the failure of the Legislature over 20 years to object to this procedure on the part of the State Bar coupled with the Legislature's failure to include this type building program in the general purview of the State Building Construction Administration Act, Article 678f, V.T.C.S., we are unable to say that the suggested procedure is illegal.

The Bar is, of course, subject to the requirements of the State Bar rules. Your revised question does not seek an interpretation of those rules, and for the purposes of this opinion we assume that the construction and financing of the building will be authorized in conformity with the State Bar rules.

Any financing plan used by the Bar is limited by Article 3, Sec. 49 of the Texas Constitution which provides:

> No debt shall be created by or on behalf of
> the State, except to supply casual deficiencies
> of revenue, repel invasion, suppress insurrection,
> defend the State in war, or pay existing debt; and
> the debt created to supply deficiencies in the reve-
> nue, shall never exceed in the aggregate at any one
> time, two hundred thousand dollars.

However, the definition of debt, as used in this portion of the Constitution, has been given a narrow meaning. Debt does not include obligations payable solely from revenues generated by renting or operation of the project. Texas National Guard Armory Board v. McGraw, 126 S.W.2d 627 (Tex. 1939); Attorney General Opinion O-1694 (1939). Furthermore, no debt is created when payment is to be made from current revenues only. Charles Scribner's Sons v. Marrs, 262 S.W. 722 (Tex. 1924); Attorney General Opinion M-656 (1970).

Under the proposal you submitted a lender could look only to rental revenues and voluntary contributions for payment in future years. You have not proposed a mortgage of state property. Under these facts we do not believe the Constitution or statutes would prevent the Bar from constructing and financing a new State Bar Center. As we have been given no proposed contract we pass solely on the general outline you have presented. The legality of any particular contract would depend on its terms and provisions, and this opinion is necessarily limited to the query posed.

## SUMMARY

The Constitution and statutes do not preclude the
State Bar of Texas from constructing and financing
a new State Bar Center where a pledge of voluntary
contributions and revenues generated by the building
is the only source to which the lender can look for
payment in future years.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

p. 1588

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee